UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RICHARD J. BRUZA,              )
                               )
                Plaintiff,     )        Case No. 1:07-cv-1027
                               )
v.                             )        Honorable Janet T. Neff
                               )
COMMISSIONER OF                )
SOCIAL SECURITY,               )        **REPORT AND RECOMMENDATION**
                               )
                Defendant.     )
_____)

This is a social security action brought under 42 U.S.C. § 405(g) seeking review of

a final decision of the Commissioner of Social Security denying plaintiff disability insurance benefits

(DIB).  Plaintiff filed the application for DIB benefits giving rise to this lawsuit on September 22,

2003 (A.R. 60-62), claiming a March 1, 1987 onset of disability.  Plaintiff's disability insured status

expired on December 31, 1992.  Thus, it was plaintiff's burden to submit evidence demonstrating

that he was disabled on or before December 31, 1992.  *See Moon v. Sullivan*, 923 F.2d 1175, 1182

(6th Cir. 1990).  Plaintiff's claim was denied on initial review.  (A.R. 22-27).  On February 15, 2006,

plaintiff received a hearing before an administrative law judge (ALJ) at which plaintiff was

represented by counsel.  (A.R. 205-27).  On May 18, 2006, the ALJ issued her decision finding that

plaintiff was not entitled to DIB benefits.  (A.R. 15-21).  On August 13, 2007, the Appeals Council

denied review (A.R. 4-7), and the ALJ's decision became the Commissioner's final decision.

On October 10, 2007, plaintiff filed his complaint seeking judicial review of the Commissioner's decision denying his claim for DIB benefits.  Plaintiff asks the court to overturn the Commissioner's decision on the following grounds:

I.      The ALJ committed reversible error by not properly considering the opinion of Plaintiff's treating psychiatrist/psychologists.

II.     The ALJ committed reversible error by not following the vocational expert's answer to a factually correct hypothetical question.

(Statement of Errors, Plf. Brief at 11, docket # 6).  Upon review, I find that plaintiff's arguments do not provide a basis for disturbing the Commissioner's decision.   I recommend that the Commissioner's decision be affirmed.

**<u>Standard of Review</u>**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law.  *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003).  Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001)(quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007).  The scope of the court's review is limited.  *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations.  *See Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).  "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ."  42 U.S.C. § 405(g); *see McClanahan v.*

-2-

*Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

## **<u>Discussion</u>**

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from his alleged onset of disability of March 1, 1987 through December 31, 1992, but not thereafter. Plaintiff had not engaged in substantial gainful activity since his alleged onset of disabilityThe ALJ found that plaintiff had the severe impairments of an anxiety disorder and an adjustment disorder. Through his date last insured, plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. The ALJ found that on and before December 31, 1992, plaintiff retained the residual functional capacity (RFC) for work involving one or two step tasks and occasional contact with the public, co-workers, and supervisors. Plaintiff did not have exertional limitations. The ALJ determined that plaintiff's subjective complaints were not fully crediblePlaintiff was unable to perform his past

relevant work as a pharmacist.  Plaintiff was thirty-five years old as of his alleged onset of disability, and forty years old as of his date last insured.  Thus, at all times relevant to his claim, plaintiff was classified as a younger individual.  The ALJ found that plaintiff has at least a high school education and can communicate in English.  She found that plaintiff did not have transferable job skills.  The ALJ then turned to the testimony of a vocational expert (VE).  In response to a hypothetical question regarding a person of plaintiff's age and with his RFC, education, and work experience, the VE testified that there were approximately 52,500  jobs in the State of Michigan that the hypothetical person would be capable of performing.  The ALJ held that this constituted a significant number of jobs, and found that plaintiff was not disabled.  (A.R. 15-21).

## 1.

Plaintiff's brief invites the court to commit error by considering evidence that was not properly before the ALJ in determining whether the ALJ's decision is supported by substantial evidence.  (Plf. Brief at 6-7, docket # 6).  This is patently improper.  For fifteen years it has been the clearly established law of the Sixth Circuit that the ALJ's decision is the final decision subject to review by this court in cases where the Appeals Council denies review.  This court must base its review of the ALJ's decision upon the administrative record presented to the ALJ.  The Sixth Circuit has repeatedly held that where, as here, the Appeals Council denies review and the ALJ's decision becomes the Commissioner's decision, the court's review is limited to the evidence presented to the ALJ.  *See Jones v. Commissioner*, 336 F.3d at 478; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).  The court is not authorized to consider additions to the

record in determining whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner correctly applied the law.  *See Cline v. Commissioner*, 96 F.3d 146, 148 (6th Cir. 1996).

Plaintiff's brief and reply brief contain passing requests for remand to the Commissioner "pursuant to either Sentence Four or Sentence Six of 42 U.S.C. Section 405(g)." (Plf. Brief at 15; Reply Brief at 4, docket # 8)"A district court's authority to remand a case for further administrative proceedings is found in 42 U.S.C. § 405(g)." *Hollon v. Commissioner*, 447 F.3d 477, 482-83 (6th Cir. 2006).  The statute permits only two types of remand:  a sentence four (post-judgment) remand made in connection with a judgment affirming, modifying, or reversing the Commissioner's decision; and a sentence six (pre-judgment) remand where the court makes no substantive ruling as to the correctness of the Commissioner's decision.  *Hollon*, 447 F.3d at 486 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991)).  The court cannot consider evidence that was not submitted to the ALJ in the sentence four context.  It only can consider such evidence in determining whether a sentence six remand is appropriate.  *See Bass v. McMahon*, 499 F.3d at 513; *Foster v. Halter*, 279 F.3d at 357.  Although plaintiff requests a sentence-six remand, plaintiff's briefs contain no developed argument supporting his request.  Issues raised in a perfunctory manner are deemed waived.  *See Geboy v. Brigano*, 489  F.3d 752, 767 (6th Cir. 2007); *see also Anthony v. Astrue*, 266 F. App'x 451, 458 (6th Cir. 2008)

Assuming *arguendo* that the issue has not been waived, plaintiff is clearly not entitled to a sentence-six remand.  Plaintiff has the burden under sentence six of 42 U.S.C. § 405(g) of demonstrating that the evidence plaintiff now presents is "new" and "material," and that there is "good cause" for the failure to present this evidence in the prior proceeding.  *See Hollon*, 447 F.3d

at 483; *see also Longworth v. Commissioner*, 402 F.3d 591, 598 (6th Cir. 2005). Courts "are not free to dispense with these statutory requirements." *Hollon*, 447 F.3d at 486.

On May 18, 2006, the ALJ issued the Commissioner's final decision denying plaintiff's application for DIB benefits. (A.R. 15-21). The ALJ found that plaintiff was not disabled from the time of his alleged onset of disability of March 1, 1987 through the December 31, 1992 expiration of plaintiff's disability insured status. The October 1, 2006 letter from plaintiff's sister, Diane M. Bruza, M.D., and the September 29, 2006 letter of Elbin Orellana, M.D., proffered by plaintiff (Plf. Brief at 6-7) are "new" because both letters were created after the ALJ's decision finding that plaintiff was not disabled.[1] *See Hollon*, 447 F.3d at 483-84; *see also Templeton v. Commissioner*, 215 F. App'x 458, 463 (6th Cir. 2007).

"Good cause" is not established solely because the new evidence was not generated until after the ALJ's decision. The Sixth Circuit has taken a "harder line." *Oliver v. Secretary of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986); *see also Perkins v. Apfel*, 14 F. App'x 593, 598-99 (6th Cir. 2001). The moving party must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision. *See Hollon*, 447 F.3d at 485; *Oliver*, 804 F.2d at 966. Plaintiff has not addressed, much less carried his burden of demonstrating good cause.

Finally, in order to establish materiality, plaintiff must show that the introduction of the evidence would have reasonably persuaded the Commissioner to reach a different conclusion with regard to whether plaintiff was disabled during the closed period from March 1, 1987 through

---

[1]Dr. Orellana's progress notes for December 3, 2003 (A.R. 157-58) were part of the administrative record before the ALJ when she rendered her decision and are not "new." The paragraph of defendant's brief erroneously stating these progress notes reflect the results of a "December 3, 2007" examination (Def. Brief at 6-7, docket # 7) has been disregarded.

December 31, 1992 *See Foster v. Halter*, 279 F.3d at 357; *see also Hensley v. Commissioner*, 214 F. App'x 547, 550 (6th Cir. 2007). Plaintiff's has not addressed or carried his burden on the issue of materiality.

           Plaintiff's sister's October 2006 letter (A.R. 194-95) indicates that during the relevant time period between March 1, 1987 and December 31, 1992, plaintiff received treatment from doctors Balcon, Ebner, and Spivak. No records from Doctors Balcon or Spivak were submitted in support of plaintiff's claim for DIB benefits. The ALJ considered the two medical records from Dr. Ebner that plaintiff submitted: (1) a March 4, 1987 intake assessment completed by a therapist at Comprehensive Psychiatric Services, Inc. (A.R. 152-56): and (2) a page of progress notes (A.R. 151) consisting of two entries, the first being dated March 24, 1987, and the latter being the therapist's notation that plaintiff was a "no show" for a June 25, 1987 appointment. The weight the ALJ gave to Dr. Ebner's April 10, 2004 letter offering a "summary" of the treatment plaintiff had received from March 1987 through July 1991 (A.R. 173) is addressed in the next section of this report and recommendation. Dr. Bruza states in her letter that when her brother's depression worsened in 2003, he began seeing Dr. Orellana (A.R. 194), and that it was Dr. Orellana who recommended that "plaintiff get on disability . . . ." (*Id.*). Dr. Orellana's September 2006 letter (A.R. 196) adds very little of substance beyond the sworn statement that Orellana gave to plaintiff's attorney six days before plaintiff's February 15, 2006 hearing. (A.R. 174-90). Dr. Orellana's September 2006 letter states, "I saw Richard for the first time in 2003. Since April of 2003 he has been under my care. He remains extremely withdrawn and not able to function in a competitive job

environment. As of his last appointment, he remains emotionally disabled." (A.R. 196).[2] The issue

before the ALJ was whether plaintiff was disabled on or before the December 31, 1992 expiration

of plaintiff's disability insured status, not whether plaintiff was disabled more than a decade later

on April 9, 2003 (A.R. 177, 187), when Dr. Orellana began treating plaintiff. It is virtually

impossible that the Commissioner would have reached a different decision if the two letters

proffered by plaintiff had been presented and considered.

       In summary, plaintiff has not demonstrated that remand pursuant to sentence six of

42 U.S.C. § 405(g) is warranted. Accordingly, I recommend that plaintiff's request for a sentence

six remand be denied. Plaintiff's arguments will be evaluated on the record presented to the ALJ.

## 2.

       Plaintiff argues that the ALJ failed to give sufficient weight to Dr. Orellana's opinions

(Plf. Brief at 12; Reply Brief at 2-3). Dr. Orellana was never plaintiff's treating physician on or

before the December 31, 1992 expiration of plaintiff's disability insured status. The ALJ gave very

little weight to Dr. Orellana's opinion because he had not been plaintiff's treating physician during

the period at issue:

> The claimant and his attorney rely strongly on Dr. Orellana's findings (Exhibits 3F and 5F
> [A.R. 157-72, 174-93]). Dr. Orellana, however, started treating the claimant in April 2003
> (over ten years after the [Date Last Insured] DLI and sixteen years after the alleged onset
> date), therefore, he is not considered a treating source for the period at issue. He also focuses
> on the claimant's depression, which the claimant told him started eighteen months before

---

[2]Dr. Orellana's letter (A.R. 196) states that plaintiff saw "Dr. Ebner who treated [plaintiff's]
OCD and Panic attacks from 1987 to 1991," and that plaintiff "was referred to a psychiatrist [who]
prescribed Buspar with very poor response." (A.R. 196). The court has not been supplied with with
an explanation why the underlying medical records that Dr. Orellana referenced in his letter were not
submitted to the ALJ before her decision, or even in support of plaintiff's request for a sentence six
remand.

> April 2003 (which would be about nine years after the DLI)(Exhibit 3F, p. 15 [A.R. 171]). Upon prompting from the plaintiff's attorney, Dr. Orellana opined that the claimant's condition related back to his alleged onset date, but he does not clarify how and why he reached this conclusion (Exhibit 5F, p. 15 [A.R. 188]). Because he was not treating the claimant back then, Dr. Orellana's opinion is given very little weight for the period at issue.

(A.R. 18). The ALJ's finding that Dr. Orellana's opinion was entitled to little weight, because it was so far removed from the relevant time period, was entirely appropriate. *See  Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987); *see also Strong v. Social Security Admin.*, 88 F. App'x 841, 845 (6th Cir. 2004).

Plaintiff argues that the ALJ failed to give sufficient deference to the opinions that Dr. Ebner expressed in his April 10, 2004 summary letter. (Plf. Brief at 12). The ALJ's opinion expressly addressed the opinions in Dr. Ebner's letter:

> Dr. Ebner, who treated the claimant during the relevant period, noted the claimant had experienced obsessional fears that he did not correctly fill prescriptions and this apparently interfered with his ability to work (Exhibit 4F). He had to leave his pharmacy job because [of] his inability to perform the job. According to Dr. Ebner, the claimant improved in his lifestyle, but was fearful about any "movement in the world." He did not, however, explain what he meant by this conclusion nor discuss the claimant's ability in social and occupational functioning, except to note that there were no significant behavioral changes in these areas. As a result, Dr. Ebner's letter [A.R. 173] is not given significant weight with regard[] to plaintiff's mental functional capacity.

(A.R. 19). The issue of whether the claimant is disabled within the meaning of the Social Security Act is reserved to the Commissioner. 20 C.F.R. § 404.1527(e); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004); *see also Gaskin v. Commissioner*, No. 07-1130, 2008 WL 2229848, at * 2 (6th Cir. May 30, 2008)("A physician's opinion that a claimant is disabled is entitled to no deference because it is the prerogative of the Commissioner, not the treating physician, to make a disability determination."); *Turner v. Commissioner*, 267 F. App'x 456, 461 (6th Cir. 2008). A treating physician's opinion is not entitled to controlling weight if it is not "well-supported by

-9-

medically acceptable clinical and laboratory diagnostic techniques" and is "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). The ALJ "is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton*, 246 F.3d at 773; *see Kidd v. Commissioner*, No. 07-6111, 2008 WL 2564784, at * 4 (6th Cir. June 25, 2008). An opinion that is based on the claimant's reporting of his symptoms is not entitled to controlling weight. *See Young v. Secretary of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990); *see also Smith v. Commissioner*, 482 F.3d 873, 875-76 (6th Cir. 2007). Dr. Ebner's opinions were not supported by objective test results. It is patent that the opinions Dr. Ebner expressed in his April 10, 2004 letter were not entitled to controlling weight.

Even when a treating source's medical opinion is not given controlling weight because it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with other substantial evidence in the record, the opinion should not necessarily be completely rejected; the weight to be given to the opinion is determined by a set of factors that guides the weight given to the medical opinion, including treatment relationship, supportability, consistency, specialization, and other factors. *See Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions*, SSR 96-2p (reprinted at 1996 WL 374188 (SSA July 2, 1996)); 20 C.F.R. § 404.1527(d); *Martin v. Commissioner*, 170 F. App'x 369, 372 (6th Cir. 2006); *see also Turner v. Commissioner*, 267 F. App'x at 460; *Anthony v. Astrue*, 266 F. App'x 451, 458-59 (6th Cir. 2008). The absence of progress notes and other contemporaneous medical records regarding the treatment provided by Dr. Ebner for the period at issue entitles his unadorned opinion to virtually no weight. I find no violation of the treating physician rule. The

ALJ's decision easily satisfies the procedural requirement of giving "good reasons" for not giving controlling weight to the opinions of Dr. Orellana and Dr. Ebner.  *See Smith v. Commissioner*, 482 F.3d at 875-76; *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004).

### 3.

Plaintiff's remaining argument is that the ALJ "committed reversible error by not following the vocational expert's answer to a factually correct hypothetical question."  (Plf. Brief at 11).  It is well settled that a hypothetical question to a VE need not include unsubstantiated complaints.  *See Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993); *see also Anthony v. Astrue*, 266 F. App'x at 461; *Myatt v. Commissioner*, 251 F. App'x 332, 336 (6th Cir. 2007).  The VE does not determine a claimant's medical restrictions or how they impact on the claimant's residual functional capacity -- that is the ALJ's job.  *See Webb v. Commissioner*, 368 F.3d 629, 633 (6th Cir. 2004); *Maziarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 247 (6th Cir. 1987).  The ALJ uses vocational expert testimony in the process of determining whether a significant number of jobs exist that a claimant can perform despite his impairments.  837 F.2d at 247.  It is common practice for an ALJ to ask the VE a hypothetical question incorporating a possible finding of disabling pain and other subjective complaints.  *See, e.g.*, *Bingaman v. Commissioner*, 186 F. App'x 642, 646 (6th Cir. 2006); *Niemasz v. Barnhart*, 155 F. App'x 836, 838 (6th Cir. 2005).  Merely posing the hypothetical question does not compel the ALJ to find that the claimant actually suffered disabling pain or other subjective symptoms.  *See Rowden v. Chater*, No. 95-5630, 1996 WL 294464, at * 5 (6th Cir. June 3, 1996).  The hypothetical question and response simply create a record from which the ALJ could base a decision finding that a significant number of jobs do or

do not exist, in the event that the ALJ concludes that the claimant indeed suffers the degree of pain or other symptoms he claims. *Id*. Here, the ALJ found that plaintiff's subjective complaints were not fully credible. The ALJ was not bound in any way by a VE's response to a hypothetical question incorporating a contrary assumption.

### Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated:   August 4, 2008          /s/  Joseph G. Scoville
                                 United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).